IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Dominique Foxworth, ) | Case No. 8:24-cv-03607-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **OPINION AND ORDER** |
| Director Crayman Harvey; Director ) | |
| James Lipscomb, *Director of* ) | |
| *Compliance*; Lt. Dupree; Lt. Kevin ) | |
| McColloughum; Sgt. Monica Owens, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on a Report and Recommendation ("Report") of the Magistrate Judge. [Doc. 66.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On June 18, 2025, Defendants filed a motion for summary judgment. [Doc. 54.] On June 20, 2025, the Clerk docketed a motion from Plaintiff for an extension of time. [Doc. 56.] On June 23, 2025, the Magistrate Judge issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. [Doc. 58.] On the same day, the Magistrate Judge issued an Order finding Plaintiff's motion for extension of time moot because Plaintiff did not seek the extension of a specific deadline. [Doc. 60.] On August 4, 2025, after Plaintiff failed to respond to the motion for summary judgment, the Magistrate Judge issued an Order giving Plaintiff through August 25, 2025, to respond to Defendants' motion. [Doc. 63.] On September

2, 2025, with Plaintiff having failed to respond to the motion for summary judgment, the Magistrate Judge issued the Report recommending that this action be dismissed, with prejudice, for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 66.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 6.] No party has filed objections to the Report, and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (citation omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, this action is DISMISSED with prejudice pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure. As a result, Defendant's motion for summary judgment [Doc. 54] is FOUND AS MOOT.

    IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

October 2, 2025
Greenville, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.